**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. H-12-774-1** |
| | § | |
| **LAWRENCE TYLER** | § | |

**MOTION FOR DISCOVERY AND INSPECTION**
**(WITH MEMORANDUM OF AUTHORITY)**

**TO THE HONORABLE JUDGE EWING WERLEIN, JR.:**

LAWRENCE TYLER, the Defendant, moves this Court pursuant to Rule 16 of the Federal Rules of Criminal Procedure, the "due process" clauses of the Fifth and Fourteenth Amendments to the Constitution of the United States, and **Brady v. Maryland, 573 U.S. 83 (l963)**, to order the Government to produce for inspection and copying the following which are known to or are in the possession of the Government or any of its agents or which through due diligence would become known from the investigating officers, or witnesses or persons having knowledge of this case.

1.      **NOTICE OF EVIDENCE SUBJECT TO SUPPRESSION:**

NOTICE OF THE GOVERNMENT'S INTENTION TO USE ANY EVIDENCE (IN ITS CASE-IN-CHIEF AT TRIAL) WHICH THE DEFENDANT MAY BE ENTITLED TO SUPPRESS UNDER RULE 4(a), 12 OR 41 OF THE FEDERAL RULES OF EVIDENCE, THE FOURTH,

FIFTH OR SIXTH AMENDMENTS OF THE CONSTITUTION, 18 U.S.C. 2510-20 AND 3504 (TITLE III OF THE OMNIBUS CRIMINAL CONTROL ACT), AND IF STATE AGENTS WERE INVOLVED 38.23 OF THE TEXAS CODE OF CRIMINAL PROCEDURE, AND ARTICLE 1 §§ 9 AND 10 OF THE TEXAS CONSTITUTION.

Rule 12(d) of the Federal Rules of Criminal Procedure provides for notice of evidence "at the arraignment or as soon thereafter as is practical...in order to afford an opportunity to move to suppress evidence..." Defendant now requests such notice in order to comply with Rule 12(b)(3), F.R. Cr. P.'s requirement that motions to suppress be raised prior to trial.

2.     **<u>NOTICE OF OTHER CRIMES OR UNCHARGED MISCONDUCT:</u>**

ANY AND ALL "OTHER CRIMES" OR UNCHARGED MISCONDUCT WHICH THE GOVERNMENT INTENDS TO OFFER EITHER IN ITS CASE-IN-CHIEF OR IN REBUTTAL WHICH MAY BE OBJECTIONABLE EITHER UNDER RULE 403 OR 404 OF THE FEDERAL RULES OF EVIDENCE.

Simultaneous with this motion Defendant has moved in limine for an order directing the U.S. Attorney or his agents to avoid any reference whatsoever before the jury of "other crimes" or uncharged misconduct prior to a ruling from this Court. Counsel will be unable to specifically object to the admission of such evidence and this court will likewise be unable to rule on such objections until the Government discloses those "other crimes" or uncharged misconduct it intends to attempt to introduce or insinuate into evidence. Accordingly, in the interest of judicial economy

and in order to ensure Defendant's right to effective assistance of counsel by providing the undersigned with an opportunity to prepare to respond to the Government's introduction of "other crimes" or uncharged misconduct, the Court should order the Government to disclose same prior to trial.

3.   **<u>DEFENDANT'S STATEMENT:</u>**

ANY AND ALL WRITTEN OR RECORDED STATEMENTS MADE BY OR PURPORTED TO HAVE BEEN MADE BY THE DEFENDANT, TOGETHER WITH THE SUBSTANCE OF ANY STATEMENT ATTRIBUTED TO ANY CO-DEFENDANT WHICH THE GOVERNMENT INTENDS TO OFFER IN EVIDENCE AT THE TRIAL IN THE ABOVE ENTITLED AND NUMBERED CAUSE:

Statements of the Defendant are discoverable pursuant to the express provisions of Rule 16(a)(1), F.R.Cr.P. disclosure by the Government of the contents of any statement attributable to the Defendant is necessary in order for the Defendant to adequately prepare for trial and for his counsel to intelligently advise said Defendant whether he should testify or invoke his privilege under the Fifth Amendment to the Constitution. **<u>Johnson v. United States</u>**, 344 F.2d 163 (D.C. Cir. l964); **<u>Poe v. United States</u>**, 233 F.Supp. 173 (D.C. Cir. l964), aff'd 352 F.2d 639 (l965); **<u>Inge v. United States</u>**, 356 F.2d 345 (D.C. Cir. l966).

Discovery of statements or confessions of the Defendant under Rule 16 (a)(1) of the F.R.Cr.P. should not only include written or recorded statements made by the Defendant to Government agencies, but to other individuals as well. **<u>United States v.</u>**

**Baker**, 262 F.Supp. 657, 671-72 (D.C. Cir. l966); **Davis v. United States**, 413 F.2d 1226,1230-31 (5th Cir. l969); **United States v. Lubomski**, 277 F.Supp. 713, 719-22 (N.D. Ill. l967).

Discovery of the Defendant's statements under Rule 16(a)(1) should include not only verbatim statements made by the Defendant but also any summaries or Government reports setting out the substances of the Defendant's statement or statements attributable to him.

And the Court, pursuant to Rule 16(e) of the F.R.Cr.P., may enter a protective order requiring a partial disclosure of only those portions of the Government reports or summaries which relate to a summary of a Defendant's oral statements.

4.    **DEFENDANT'S PRIOR RECORD**

A COPY OF ANY OF THE DEFENDANT'S PRIOR CRIMINAL RECORD, IF ANY. [RULE 16 (A)(1)(B), F.R.Cr. P.].

Rule 16 (a)(1)(B), F.R.Cr.P., authorizes in mandatory terms the production by the Government of Defendant's prior criminal record, if any.

5.    **DOCUMENTS AND TANGIBLE OBJECTS:**

ANY AND ALL BOOKS, PAPERS, DOCUMENTS OR OTHER TANGIBLE OBJECTS WHICH THE GOVERNMENT MAY INTEND TO USE AS EVIDENCE IN THEIR CASE-IN-CHIEF AT TRIAL OR WHICH ARE OBTAINED FROM OR ALLEGED TO BELONG TO OR WERE MADE OF THE DEFENDANT OR TO ANY CO-CONSPIRATOR,

INDICTED OR NOT, OR WHICH THE GOVERNMENT PLANS TO OFFER IN EVIDENCE IN THIS CASE OR WHICH ARE MATERIAL TO THE PREPARATION OF DEFENDANT'S DEFENSE.

Rule 16(a)(1)(C), Federal Rules of Criminal Procedure, authorizes the discovery of all books, papers, documents and tangible objects in the possession or control of the Government.

The objects requested are discoverable since any such items upon which the Government relied in obtaining an indictment against the Defendant are of necessity "material" to the cause and the preparation of an adequate defense, United States v. Hughes, 413 F.2d 1244 (5th Cir. 1969) at 1254; United States v. Condor, 423 F.2d 904 at 911 (6th Cir. 1970), and any that are "intended for use by the Government as evidence-in-chief at the trial" or were "obtained from or [will be alleged to] belong to the Defendant" are required to be produced pursuant to the mandatory terms of Rule 16(a)(1)(C), Federal Rules of Criminal Procedure.

6. **REPORTS OR CONCLUSIONS OF SCIENTIFIC TESTS OR ANALYSIS:**

ANY AND ALL WRITTEN REPORTS OF ANY SCIENTIFIC ANALYSIS OR CHEMICAL ANALYSIS CONDUCTED BY THE GOVERNMENT OR ANY OF ITS AGENTS OR ANYONE AT ITS DIRECTION. DEFENDANT FURTHER REQUESTS THAT HE BE PROVIDED WITH THE ACTUAL OBJECT, ITEMS OR SUBSTANCES TESTED IN ORDER TO OBTAIN HIS OWN INDEPENDENT EXPERT ANALYSIS OF SAME.

Discovery of the examinations, tests and experiments requested herein is authorized by Rule l6 (a)(1)(D), F.R.Cr.P.  While no specific showing of materiality or reasonableness is required under the mandatory provisions of Rule l6 (a), **United States v. Hughes**, 413 F.2d 1244, 1250 (5th Cir. l969); **United States v. White**, 50 F.R.D. 70,72 (N.D. Ga.), Aff'd 450 F.2d 642, 649 (5th Cir. l970); **United States v. Asa**, 413 F.2d 244, 246-47 (7th Cir. l969), the disclosure of such scientific material is particularly appropriate for the following reasons:

(a)     Any danger of intimidation of witnesses concerning these matters is so slight as to be for all practical purposes nonexistent,

(b)     Expert testimony cannot be effectively subjected to cross-examination or rebuttal without ample opportunity prior to trial to prepare appropriate material for that purpose,

(c)     Expert testimony generally has, in the eyes of a jury, unusually high probative value, coming as it does from a supposedly disinterested party and concerning matters generally beyond the realm of ordinary lay information.

The defense, therefore, may wish to obtain its own expert witness to conduct appropriate tests and give testimony at the trial, Criminal Justice Act of l964, 18 U.S.C. 3006A(e); F.R.Cr.P. 28(a), and accordingly, such specimens, experiments, tests and scientific reports and comparisons should be discoverable prior to trial. **United States v. Dildy**, 39 F.R.D. 340 (D.C. l966)(prior to new discovery rules), [copies of fingerprints and expert analysis of same].

7. **<u>EXEMPLARS OR TESTS, FINGERPRINT IMPRESSIONS</u>**

ANY AND ALL HANDWRITING OR VOICE EXEMPLARS OR TESTS, FINGERPRINT IMPRESSIONS, OR OTHER MATERIALS OBTAINED BY WHATEVER MEANS OR PROVES WHICH THE GOVERNMENT INTENDS TO OFFER INTO EVIDENCE OR UTILIZE AT THE TRIAL HEREIN, WHETHER SAME WERE THOSE OF DEFENDANT OR WERE THOSE OF SOME OTHER PERSON OR PERSONS KNOWN OR UNKNOWN, AND ANY AND ALL COMPARISONS OR WRITTEN REPORTS OR TESTS, ANALYSIS OR OTHER EXAMINATIONS CONDUCTED UPON SAME BY THE GOVERNMENT OR ANY OF ITS AGENTS OR ANYONE AT HIS DIRECTION.

8. **<u>TRANSCRIPT OF GRAND JURY TESTIMONY:</u>**

THE TRANSCRIPT OF TESTIMONY GIVEN BY ANY PERSON BEFORE THE GRAND JURY IN THIS CAUSE, INCLUDING BUT LIMITED TO, THE PRECISE NATURE OF ANY STATEMENTS ATTRIBUTABLE TO THE DEFENDANT.

The transcript of testimony of individuals who testified before the Grand Jury in this case which is requested herein is discoverable pursuant to Rule 16(a)(1)(C) of the Federal Rules of Criminal Procedure, since such transcripts are "documents" under the Rule.  <u>United States v. Hughes</u>, 413 F.2d 1244 at 1255-1257 (5th Cir. 1969), vacated as moot sub nom; <u>United States v. Gifford-Hill-American</u>, 90 S.Ct. 817 (1970).

Discovery of recorded testimony of witnesses other than the defendant may be discoverable pursuant to Rule 6(e), Federal Rules of Criminal Procedure which expressly provides for pretrial discovery of such Grand Jury testimony. Dennis v. United States, 384 U.S. 855 (1966).

Therefore, Grand Jury testimony should be disclosed any time the Government demonstrates no need for secrecy, Nowlin v. United States, 395 F.2d 283 at 286 (5th Cir. 1968), and the defense shows a semblance of need (e.g., where, as here, said Grand Jury witnesses are individuals the Government intends to call at trial).

And where, as here, the Government's case may depend upon oral, unrecorded statements of the defendant or any alleged co-conspirators, then any of the Grand Jury testimony regarding the substance of those statements is necessary to adequately prepare a defense, and disclosure should be required prior to trial.

> [w]here the question of guilt or innocence may turn on exactly what was said, the defense is clearly entitled to all relevant aid which is reasonably available to ascertain the precise substance of the statements.

Dennis v. United States, 384 U.S. 855 at 872-873 (1966).


9.    **PRIOR IDENTIFICATION PROCEDURES**

A BRIEF DESCRIPTION OF ANY AND ALL IDENTIFICATION PROCEDURES EMPLOYED WHEREIN THE DEFENDANT WAS IDENTIFIED OR NOT IDENTIFIED.  A BRIEF DESCRIPTION OF ANY

AND ALL IDENTIFICATION PROCEDURES EMPLOYED WHEREIN SOMEONE OTHER THAN DEFENDANT WAS IDENTIFIED.

Respectfully submitted,

/s/ Robert J. Fickman
ROBERT J. FICKMAN
Attorney-In-Charge
Fed. No. 3606
State Bar No. 06956500

440 Louisiana, Suite 800
Houston, Texas 77002
Ph. 713-655-7400
Fax 713-224-6008

Attorney for Defendant,
LAWRENCE TYLER

## CERTIFICATE OF CONFERENCE

Counsel and Special Assistant United States Attorney Suzanne Bradley conferred on April 3, 2013. Counsel and AUSA Bradley are engaged in ongoing discovery. The Government has provided Defense Counsel with substantial discovery. Defense Counsel and the Government will work toward reaching agreements on as many discovery issues as possible. The Government and Defense will only bring those issues to the Court's attention where discovery agreements cannot be reached.

/s/ Robert J. Fickman
ROBERT J. FICKMAN

## CERTIFICATE OF SERVICE

I, ROBERT J. FICKMAN, hereby certify that a true and correct copy of the foregoing instrument was delivered by ECF to the Assistant U.S. Attorney's Office on this the 4th of April, 2013.

/s/ Robert J. Fickman
ROBERT J. FICKMAN

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **V.** | § | **CRIMINAL NO. H-12-774-1** |
| | § | |
| **LAWRENCE TYLER** | § | |

## ORDER

Defendant's Motion for Discovery and Inspection is GRANTED/DENIED.

SIGNED on _____, 2013.

_____
UNITED STATES DISTRICT JUDGE